UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In re Justin M. Mariano,
Debtor

Justin M. Mariano,
**Plaintiff**

v.

SoFi Lending Corp.,
Higher Education Loan Authority of the State of Missouri/MOHELA,
**Defendants**

Case No.: 21-10580-djb

Chapter 13

Adv. Pro. No.: 26-00152-djb

**Plaintiff's Notice of Settlement Pursuant to L.B.R. 7041-1**

Plaintiff Justin M. Mariano, by counsel, submits this Notice of Settlement pursuant to Local Bankruptcy Rule 7041-1 and states as follows:

1. Plaintiff commenced this adversary proceeding seeking a determination of the dischargeability of a private student loan debt under 11 U.S.C. § 523(a)(8). Defendant SoFi Lending Corp. appeared and answered. Plaintiff’s Motion to Dismiss Defendant Higher Education Loan Authority of the State of Missouri/MOHELA Without Prejudice (Doc. 7) remains pending; MOHELA has not appeared.

2. On June 29, 2026, the Court entered Pretrial Order #1 (Doc. 10), which, among other deadlines, directed the parties to file a joint statement regarding the Court’s annexed mediation program on or before July 20, 2026, set a discovery deadline of October 13, 2026, set a joint pretrial statement deadline of December 17, 2026, and scheduled a final pretrial/settlement conference for January 19, 2027.

3. Following the Court’s entry of Pretrial Order #1, counsel for Plaintiff and counsel for SoFi Lending Corp. engaged in direct settlement negotiations.

4. On July 20, 2026, those negotiations concluded successfully: SoFi Lending Corp. accepted Plaintiff’s settlement offer, and counsel confirmed the parties’ agreement

in writing. The parties have reached a settlement in principle resolving all claims in this adversary proceeding as between Plaintiff and SoFi Lending Corp.

5. Plaintiff accordingly reports the settlement pursuant to Local Bankruptcy Rule 7041-1. The parties are preparing a written settlement agreement. Consistent with L.B.R. 7041-1, within thirty (30) days the parties will document the settlement by filing a stipulation of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), made applicable by Federal Rule of Bankruptcy Procedure 7041, or such other filing as the Court may direct.

6. The parties' joint statement regarding mediation was due July 20, 2026 — the same day the settlement was reached. In light of the settlement, mediation through the Court's annexed program is unnecessary, and Plaintiff respectfully submits that the joint statement requirement of Pretrial Order #1, paragraph 3, is moot.

7. In light of the settlement, Plaintiff respectfully submits that the remaining deadlines under Pretrial Order #1 need not be enforced while the parties document the settlement. Should the Court prefer to address scheduling by further order or conference, Plaintiff will promptly comply with any directive of the Court.

Respectfully submitted,

Attorney for Justin M. Mariano
Tate Esq LLC

/s/ Stanley Love Tate III
Stanley Love Tate III • Bar No.: 66564MO
222 S Meramec, Suite 202-1096
St Louis MO 63105
314.884.1886 • 314-561-7036 fax
tate@tateesq.com